Ronnie Odell POWELL,
Plaintiff–Appellant,

v.

Mark LUTTRELL; Robert Christie;
Shelby County Correctional Center,
Defendants–Appellees.

No. 00–6452.

United States Court of Appeals,
Sixth Circuit.

May 9, 2001.

Before SILER and GILMAN, Circuit

---

* The Honorable John D. Holschus, United States District Judge for the Southern District of Ohio, sitting by designation.

Judges; DUGGAN, District Judge.[*]

Ronnte Odell Powell, a Tennessee state prisoner, appeals pro se a district court order dismissing his civil rights complaint filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1). Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief, Powell filed this complaint against two correctional officers and the Shelby County, Tennessee Correctional Center. He alleged that he had been told to go to the wrong place for a disciplinary hearing, which was then held in his absence. After filing a grievance, he was afforded a new hearing, at which he was found guilty. His appeal from that hearing was denied as untimely. Powell alleged that his due process rights were somehow infringed during this proceeding, and that he was subjected to cruel and unusual punishment.

The district court granted Powell pauper status and screened the complaint. Although it was not clear from the attachments whether Powell had exhausted his administrative remedies, the district court waived this procedural bar pursuant to 42 U.S.C. § 1997e(c)(2), concluding that the complaint was subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). Powell reasserts his claims on appeal.

Upon review, we conclude that the dismissal of this complaint as frivolous must be affirmed, as Powell's claim lacks any arguable basis in law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). The district court correctly concluded that Powell had no liberty interest which entitled him to due process, as he was not subjected to an atypical and significant hardship. *See Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Furthermore, no facts were alleged which would rise to the level of an Eighth Amendment violation. Because Powell's claims lacked any arguable basis in law or fact, the district court's order dismissing the complaint as frivolous is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.